NESBITT, J.
Marlon Roberts appeals an order of the Unemployment Appeals Commission which affirmed the decision of the Unemployment Compensation Appeals Bureau referee to deny Roberts unemployment compensation. For the following reasons we agree that Roberts’ actions warranted his termination of his employment with the law firm and affirm.
In December 1997, while Roberts was a temporary employee at Holland & Knight, the firm became aware that Roberts had been pursuing a business venture with the Miami Herald, a Holland & Knight client.[1] The firm’s business manager, Claudia Hoffman, informed Roberts of the firm’s conflict of interest policy,[2] telling Roberts he could not have a business relationship with a firm client if he wished to remain employed at Holland & Knight;
On January 25, 1998, Roberts was hired as a regular employee by the firm. Shortly after this, Holland & Knight sent out a firm-wide e-mail requesting information concerning employees’ business relationships with firm clients. Roberts believed (perhaps incorrectly) that the e-mail indicated that some Holland & Knight employees were indeed permitted to pursue business associations with firm clients, while he had been prohibited from doing so. On February 28, 1998, Roberts sent a letter to the firm’s managing partner expressing his dissatisfaction with the firm’s conflict of interest policy as well as his belief that he was being unfairly singled out. A few days later, Roberts was fired.
In July 1998, Roberts applied for unemployment benefits, which Holland & Knight opposed on the theory that Roberts’ own misconduct had precipitated his termination. Roberts admitted that he had sent two follow-up letters to the Herald regarding his business proposal. The claims adjuster for the Division of Unemployment Compensation agreed with Holland & Knight, finding that Roberts had knowingly violated the firm’s conflict of interest policy, was fired for misconduct, and, thus, was ineligible for unemployment benefits. Roberts appealed and received a hearing before a referee of the Unemployment Appeals Commission. The referee likewise found that Roberts’ conduct constituted misconduct, and denied him unemployment benefits. The Unemployment Appeals Commission affirmed the referee’s decision to deny Roberts benefits.
An individual may be disqualified from collecting unemployment benefits if he was discharged for misconduct connected to his work. See § 443.101(1)(a), Fla. Stat. (1997). By definition, “misconduct” includes “conduct evincing such willful and wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect from his employee.” § 443.036(26), Fla. Stat. (1997). We must accept the refer *329 ee’s finding of fact as true and support his conclusion as ratified by the commission that Roberts conduct was deliberate and therefore constituted “unemployment misconduct.”
Affirmed.

. Roberts had communicated an idea to the Herald regarding the introduction of a "Miami Shopper” section to be sent with the paper to its Latin American subscribers. The Herald chose not to pursue the idea.

. This is apparently an unwritten firm policy.